**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DOMENICA FUSCO                              CIVIL ACTION NO. 16-1454

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

SCOTT LEVINE, ET AL.                        MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Record Document 22) filed by Defendant, EAN Holdings, LLC ("EAN"), more popularly known as Enterprise. EAN seeks dismissal on the grounds that EAN's status as owner, self-insurer and alleged named insured does not create a conduit for relief against EAN under Louisiana law, specifically, Louisiana's Direct Action Statute ("Direct Action Statute"), La. Rev. Stat. § 22:1269.

LCTA Casualty Insurance Company ("LCTA") filed a Petition for Intervention (Record Document 65) with the Court. The Court granted the Petition. <u>See</u> Record Document 72. LCTA is the Plaintiff, Domenica Fusco's ("Fusco"), employer, Trinity Home Health's ("Trinity") workers' compensation insurer. On November 16, 2017, EAN filed a Second Rule 12(b)(6) Motion to Dismiss LCTA (Record Document 82), asserting the same arguments made in support of its first Motion to Dismiss. LCTA filed an opposition and adopted all factual allegations made by Fusco as well as the arguments contained in her opposition to EAN's first Motion to Dismiss. For the reasons set forth below, the Motions to Dismiss (Record Documents 22 and 82) are **DENIED**.

## I.    BACKGROUND

On September 30, 2015, Fusco was injured in an automobile collision due to the alleged negligence of Defendant, Scott Levine ("Levine"). <u>See</u> Record Document 1-3 at ¶¶ 2, 10. At the time of the collision, Levine was operating 2014 Hyundai Elantra, a rental car that was rented to him through a rental agreement between himself and EAN or between his employer, Tait Towers Manufacturing, LLC ("Tait Towers") and EAN. <u>See id.</u> at ¶¶ 2, 11, 12. Fusco was operating a 2013 Chevrolet Cruz owned by Trinity. <u>See id.</u> at ¶ 4. Subsequently, Fusco asserted claims against LCTA for workers' compensation benefits and medical expenses pursuant to the Louisiana Workers' Compensation Act. <u>See</u> Record Document 73. LCTA accepted the claim since the accident arose out of and in the course of her employment with Trinity. <u>See id.</u> LCTA has paid weekly compensation and medical benefits to and/or on behalf of Fusco and may or will be called to pay these benefits in the future. <u>See id.</u>

On August 30, 2016, Fusco filed a Petition for Damages in the 26th Judicial District Court. <u>See</u> Record Document 1-3. Originally, Fusco named as Defendants Levine, EAN Holdings, LLC, Tait Towers, Inc., and Rock Solid Holdings, LLC. <u>See id.</u> On October 18, 2016, the Defendants filed a Notice of Removal (Record Document 1) with this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. In her Petition, Fusco alleges that as a result of said accident, she suffered injuries. <u>See id.</u> at ¶ 16.

In Fusco's First Supplemental and Amended Complaint (Record Document 16), she added Tait Towers Manufacturing, LLC as a party-defendant. In Fusco's Third Supplemental and Amended Complaint (Record Document 40), she added Ace American Insurance Company ("Ace") and Zurich American Insurance Company ("Zurich") as party-

defendants. Subsequently, the Court granted the Joint Stipulation and Motion for Partial Dismissal as to Tait Towers, Inc. and Rock Solid Holdings, LLC. <u>See</u> Record Document 42.

On December 2, 2016, EAN filed Rule 12(b)(6) Motion to Dismiss. <u>See</u> Record Document 22. EAN seeks dismissal on the grounds that EAN's status as owner, self-insurer and alleged named insured does not create a conduit for relief against EAN under Louisiana law, specifically, the Direct Action Statute, La. Rev. Stat. § 22:1269.

On October 4, 2017, LCTA filed a Petition for Intervention (Record Document 65) with the Court. The Court granted the Petition. <u>See</u> Record Document 72. In response to LCTA's Petition for Intervention, EAN filed a Rule 12(b)(6) Motion to Dismiss on the same grounds it asserted in its first Motion to Dismiss. <u>See</u> Record Document 82. LCTA adopted by reference Fusco's opposition memorandum (Record Document 26) filed in response to the same Motion to Dismiss previously filed against Fusco by EAN (Record Document 22), including the factual allegations made therein. <u>See</u> Record Document 92.

## II.    LAW AND ANALYSIS

### A.    Pleading and Federal Rule of Civil Procedure 12(b)(6) Standards.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. However, courts must accept all allegations in a complaint as true. See id. at 678, 129 S. Ct. at 1949. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. at 975 (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B. The Graves Amendment

Under Louisiana law a rental company that owns a vehicle involved in an automobile collision cannot be held vicariously liable solely on the basis of ownership of

the vehicle. See Collette v. Ledet, 640 So. 2d 757, 759 (La. Ct. App. 3rd Cir. 1994). The

Graves Amendment codifies such rule and preempts state laws not in accordance with

49 U.S.C. § 30106. See Cates v. Hertz Corp., 347 F. App'x 2, 6 (5th Cir. 2009). 49 U.S.C.

§ 30106 reads in pertinent part:

> (a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106. Accordingly, under federal and state law, a rental car company cannot

be held vicariously liable for the actions of the rentee unless there exists negligence or

criminal wrongdoing on the part of the rental car company.

In the present action, both Fusco and LCTA have failed to brief any opposition to

EAN's assertion that there is no cause of action for mere ownership of a vehicle involved

in a collision. Thus, the Court determines that Fusco and LCTA are deemed to have

conceded EAN's point of law on this issue and this ruling shall govern the case moving

forward.

## C.    Louisiana's Direct Action Statute

Louisiana's Direct Action Statute was enacted to give special rights to tort victims

who otherwise would not have had a right of action against the tortfeasor's insurer

because the obligation between the plaintiff and the tortfeasor is delictual while the

plaintiff has no contractual relationship with the tortfeasor's insurer. See Soileau v. Smith

<u>True Value and Rental</u>, 2012-1711 (La. 6/28/13); 144 So.3d 771, 775. According to the Louisiana Supreme Court in <u>Soileau</u>:

> The Direct Action Statute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured. The Direct Action Statute affords a victim the right to sue the insurer directly when the liability policy covers a certain risk. The statute does not, however, extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby.

144 So.3d at 780 (citations omitted).

EAN argues that Fusco's Complaint fails to state a claim upon which relief can be granted as to EAN because EAN's status as a self-insurer and alleged named insured does not create a conduit for relief against EAN under Louisiana law and the circumstances presented in this case. <u>See</u> Record Document 22-1. EAN further argues that it is not a proper party before the Court. Rather, EAN argues that its insurer, Ace, is the proper party subject to the Direct Action Statute. However, Fusco contends that the Direct Action Statute applies to the present action because EAN insured the alleged tortfeasor, Levine.

First, the Court will address EAN's argument that because it is a self-insurer, it is exempt from the Direct Action Statute. To understand EAN's self-insurer argument, it is necessary to examine the Louisiana Motor Vehicle Safety Responsibility Law ("LMVSRL"). The LMVSRL provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. <u>See</u> <u>Brown v. Sargent</u>, 2017-0838 (La. Ct. App. 4th Cir. 3/21/18); <u>see</u> La. Rev. Stat. § 32:851, <u>et seq</u>. There are four ways to comply with the LMVSRL. Pursuant to La. Rev. Stat. § 32:861(A), the owner of every motor vehicle registered in the state of Louisiana (with the exception of certain

classifications of vehicles) is prospectively required to maintain proof of financial responsibility by: (1) purchasing a motor vehicle liability policy with limits which conform to the requirements of La. Rev. Stat. § 32:900(B)(2) or 900(M); (2) posting a motor vehicle liability bond defined by Subsection B of this Section; (3) depositing with the state treasurer sufficient cash and securities under the provisions of Subsection C of this section; or (4) obtaining a certificate of self-insurance in accordance with the terms of La. Rev. Stat. § 32:1042. See La. Rev. Stat. § 32:861; see Hearty v. Harris, 574 So.2d 1234, 1237 (La.1991).

It is undisputed by the parties that EAN is a self-insurer. However, there is disagreement between the parties on whether being a self-insurer exempts a party from the Direct Action Statute. The court in Hearty noted self-insurance is not insurance at all, but merely one of four methods by which an owner of a motor vehicle is allowed to meet the financial responsibility requirements of the LMVSRL. See id. at 1237. Further, the court noted that courts have refused to consider a certificate of self-insurance an insurance policy. See id. at 1238 (citing Jones v. Henry, 542 So.2d 507, 509 (La. 1989). However, the proposition made by EAN that because it is a self-insurer, it is somehow exempt from liability pursuant to the Direct Action Statute holds no merit.

The question before the Court is whether Fusco has alleged sufficient facts in its Complaint to establish that EAN, as a self-insuring car rental company, offered a liability policy to Levine making EAN an insurer subject to the Direct Action Statute. The Louisiana Supreme Court has recognized that rental agreements of self-insuring car rental companies can constitute automobile policies, which would place the car rental company in the role of insurer. See Lindsey v. Colonial Lloyd's Ins. Co., 595 So.2d 606, 610 (La.

1992). Further, the court noted that "rental agencies which take out policies with insurance companies are likewise in the business of selling insurance." Id. at 610.

In the present case, Fusco sought leave of Court to amend her Complaint to clarify her allegations against EAN for which the Court granted. See Record Document 37. Fusco's Amended Complaint states:

> At all times relevant hereto, defendant, EAN HOLDINGS, LLC, owner of the 2014 Hyundai Elantra automobile, rented the automobile to SCOTT LEVINE and/or TAIT TOWERS, INC. and/or TAIT TOWERS MANUFACTURING and **offered liability insurance on the rented vehicle.** On information and belief, SCOTT LEVINE and/or TAIT TOWERS, INC. and/or TAIT TOWERS MANUFACTURING, LLC, **purchased and/or contracted with EAN HOLDINGS, LLC for the insurance coverage**. **EAN HOLDINGS, LLC by offering liability insurance on the rented vehicle, placed itself in the position of a vehicle liability insurer. The policy of insurance provided by EAN HOLDINGS, LLC, was designed to cover such a situation as is sued on herein.** This policy covers SCOTT LEVINE and/or TAIT TOWERS, INC. and/or TAIT TOWERS MANUFACTURING, LLC for their actions sued on herein.

Record Document 38 (emphasis added).

Based on the added language in Fusco's Amended Complaint, which the Court takes a true, the Court finds that Fusco has stated a claim for which relief can be granted. The Court at the Rule 12(b)(6) stage must accept all the allegations in Fusco's Complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). In Louisiana, when a rental car company sells a policy of insurance to a customer, the company places itself in the role of the insurer. See Lindsey, 595 So.2d at 610. Presently, the Court cannot adequately assess whether Levine purchased/contracted with EAN for liability insurance nor can the Court determine the knowledge possessed by Levine when entering into the rental agreement. A Rule 56 Motion for Summary Judgment is the more appropriate procedural device for EAN to use in order for the Court to consider external

evidence. Accordingly, EAN's Motions to Dismiss (Record Documents 22 and 82) are **DENIED**.

It should be noted that if the Court were to determine that EAN sold liability insurance to Levine, EAN would be subject to the Direct Action Statute. Further, the Court notes that the arguments advanced by EAN in the present action are similar to the novel arguments advanced by EAN in <u>Levy v. Enter. Leasing Co. of New Orleans</u>, 2008-650 (La. Ct. App. 3rd Cir. 4/8/09), 8 So.3d 839, 841. The factual circumstances are also similar.

## III. CONCLUSION

Based on the foregoing analysis, the Court holds that Fusco has alleged sufficient facts in her Complaint to survive EAN's Motions to Dismiss. Accordingly,

**IT IS ORDERED** that the Motions to Dismiss (Record Documents 22 and 82) filed by EAN be and hereby **DENIED**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of April, 2018.


S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT